# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MANOHAR SIGAMONY, et al.,** | CASE NO. 3:18 CV 153 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **QUEST LINER, INC, et al.,** | |
| | **ORDER SETTING** |
| Defendants. | **SETTLEMENT CONFERENCE** |

A Settlement Conference will be held in the above-entitled case on **October 13, 2021** at **11:00 AM**, in Chambers 318, United States District Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, before Judge James R. Knepp II.  All parties and their lead counsel are ORDERED TO APPEAR at that time.

## SETTLEMENT CONFERENCE PREPARATION

**A.  FORMAT**

1. **ATTENDANCE OF PARTIES REQUIRED**. **Parties with ultimate settlement authority must be personally present.**  The conference shall be attended by an authorized representative of each party together with trial counsel for each party.  When the settlement decision will be made in whole or part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions.  A corporate party shall send a representative with full and complete authority to bind the company.  A governmental entity shall send a representative authorized to act on its behalf.  Failure to produce the appropriate person(s) at the conference may result in an award of costs and attorney fees incurred

by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel.

**Each party shall submit a confidential statement to the Court by October 8, 2021.** The settlement statement shall not become a part of the file of the case, but shall be for the exclusive use of the Judge in preparing for the settlement conference. The settlement statement shall not be filed with the clerk, but shall be emailed to Knepp_Chambers@ohnd.uscourts.gov.

The settlement statement shall contain a specific recitation of the facts, an analysis of the law, a discussion of the strengths and weaknesses of the case, the parties' position on settlement, including the latest settlement proposal, and a report on settlement efforts to date. If not already a part of the court file, copies of any critical agreements, business records, photographs or other documents or exhibits shall be with the settlement statement. The statement should not be lengthy, but should contain enough information to be useful to the Judge in analyzing the factual and legal issues in the case. The parties are encouraged to be candid in their statements.

2.     **PRE-SETTLEMENT CONFERENCE DEMAND AND OFFER.**  A mediation/settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, no later than **September 29, 2021,** plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than **October 6, 2021**, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. On occasion, this process will lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall email their settlement positions to Chambers no later than **October 8, 2021**. Do not file copies of these papers with the Clerk's Office.

3. **SETTLEMENT FORMAT.** The Court will generally use a format of opening presentations followed by a joint discussion and private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in re-assessing their previous positions and to find creative means for resolving the dispute.

4. **STATEMENTS INADMISSIBLE.** Statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the participants to address each other with courtesy and respect.

B. **ISSUES TO BE DISCUSSED AT MEDIATION/SETTLEMENT CONFERENCE**

Parties should be prepared to discuss the following at the settlement conference:

1. What are your objectives in the litigation?
2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?
3. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?
4. What are the points of agreement and disagreement between the parties? Factual? Legal?
5. What are the impediments to settlement?
6. What remedies are available through litigation or otherwise?
7. Are there possibilities for a creative resolution of the dispute?
8. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?
9. Are there outstanding liens? Do we need to include a representative of the lien holder?

**C.     INVOLVEMENT OF CLIENTS.** For many clients, this will be the first time they have participated in a court supervised settlement conference. Therefore, counsel shall provide their clients with a copy of this Standing Order and shall discuss with them the points contained herein prior to the settlement conference.

      IT IS SO ORDERED.

                                            s/ *James R. Knepp II*
                                            UNITED STATES DISTRICT JUDGE